UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF                   MISCELLANEOUS ACTION

JONATHAN B. ANDRY              NO. 15-2478
ATTORNEY-RESPONDENT

## ORDER AND REASONS

This matter comes before the en banc Court on the motion of Attorney-Respondent, Jonathan B. Andry, seeking recusal of the en banc Court in this case pursuant to 28 U.S.C. § 455.[1] Alternatively, Andry requests this matter be referred to the Louisiana Attorney Disciplinary Board and the en banc Court's consideration be deferred until parallel state disciplinary proceedings are concluded. For the following reasons, the motion to recuse and the request for alternative relief are **DENIED**.

## BACKGROUND

On April 10, 2015, Special Master Louis Freeh filed a disciplinary complaint in this Court against Andry.[2] Andry filed a response to the complaint on July 8, 2015.[3] Consideration of the matter was administratively deferred pending the conclusion of the appeal filed by Andry in the United States Court of Appeals for the Fifth Circuit of the sanctions order disqualifying him from further participation in the Court-Supervised Settlement Program related to the Deepwater Horizon oil spill.[4,5] On June 2, 2016, the

---

[1] R. Doc. 34.
[2] R. Doc. 1. The complaint originally was filed in civil action no. 15-1165 against Andry, Lionel H. Sutton, III and Glen Lerner. The Clerk of Court subsequently assigned three separate and distinct miscellaneous disciplinary matter numbers, one for each respondent. See R. Doc. 5. This order deals only with the complaint with respect to Andry.
[3] R. Doc. 4.
[4] R. Doc. 10.
[5] *See* R. Doc. 14221 filed in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, Civil Action No. 2:10-md-02179-CJB-JCW (E.D. La. February 26, 2015).

1

Fifth Circuit affirmed the district court's sanction order in the Deepwater Horizon case.[6] In light of the Fifth Circuit's decision, on August 1, 2016 the Clerk of Court of this Court notified Andry he had fifteen days to file any supplemental response to the disciplinary charges pending here.[7] On August 16, 2018, Andry filed a supplemental response to the complaint.[8]

On October 24, 2018, the en banc Court ordered that Andry be suspended from the practice of law before the United States District Court for the Eastern District of Louisiana for a period of twelve months, effective immediately.[9] On November 7, 2018, Andry filed his objection to the disciplinary order and requested the matter be docketed for a hearing pursuant to Rule 6.5(2) of the Court's Rules for Lawyer Disciplinary Enforcement. On November 29, 2018, the en banc Court overruled Andry's objection finding that, in view of the investigation, hearing, findings, and appeal of the issues presented, another hearing was not necessary or warranted.[10] Andry appealed the order, and the Fifth Circuit vacated the decision of the en banc Court and remanded the matter for further proceedings.[11] In light of the Fifth Circuit's ruling, the Chief Judge of the Court ordered that a hearing be conducted on Andry's complaint pursuant to Rule 7 of the Local Rules for Lawyer Disciplinary Enforcement and that the Clerk of Court randomly allot this matter to one of the District Judges to conduct such hearing and all other necessary proceedings in this disciplinary action.[12]

---

[6] R. Doc. 11.
[7] R. Doc. 13.
[8] R. Doc. 16.
[9] R. Doc. 17.
[10] R. Doc. 21.
[11] R. Doc. 28-1.
[12] R. Doc. 29.

On June 28, 2019, Andry filed a Motion to Recuse the Judges of the Eastern District of Louisiana, En Banc; or Alternatively, For an Order Referring These Proceedings to the Louisiana Attorney Disciplinary Board.[13] As the motion requests recusal of all District Judges in the Eastern District of Louisiana, the motion has been referred to the en banc Court for consideration.

## **LEGAL STANDARD**

28 U.S.C. § 455(a) states, in pertinent part, that a judge should recuse himself or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned."[14] "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality."[15] Moreover, "the purpose of § 455(a), and the principle of recusal itself, is not just to prevent *actual* partiality, but to avoid the appearance of partiality."[16] In assessing a motion to recuse under section 455(a), the court should be guided "by an independent examination of the facts and circumstances of the particular claim."[17]

## **LAW AND ANALYSIS**

Based on Supreme Court and Fifth Circuit precedent, when a judge's recusal is sought under § 455(a), the origin of the judge's alleged bias is important. In *Liteky v. United States*, the Supreme Court applied the common-law doctrine known as the

---

[13] R. Doc. 34-1.
[14] 28 U.S.C. § 455(a).
[15] *Trust Co. v. N.N.P.*, 104 F.3d 1478, 1491 (5th Cir. 1997) (citing *United States v. Jordan*, 49 F.3d 152, 155–58 (5th Cir. 1995)).
[16] *Republic of Panama v. American Tobacco Co. Inc.*, 217 F.3d 343, 346 (5th Cir. 2000) (quoting *Jordan*, 49 F.3d at 155).
[17] *Id.*

3

"extrajudicial source" rule to § 455(a).[18] An "extrajudicial source" is "a source outside the judicial proceeding at hand."[19] "As articulated by the Supreme Court, this rule more or less divides events occurring or opinions expressed in the course of judicial proceedings from those that take place outside of the litigation context and holds that the former rarely require recusal."[20] The Supreme Court clarified the existence of an extrajudicial source is neither "a *necessary* condition for 'bias or prejudice' recusal . . . [n]or is it a *sufficient condition* for 'bias or prejudice' recusal, since some opinions acquired outside the context of judicial proceedings . . . will not suffice."[21] Importantly, if there is no extrajudicial source, a judge's display of "deep-seated favoritism or antagonism that would make fair judgment impossible" is required for recusal.[22]

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because "[i]n and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."[23] Ordinarily, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[24] "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality

---

[18] 510 U.S. 540 (1994).
[19] *Id.* at 545.
[20] *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).
[21] *Liteky*, 510 U.S. at 554 (emphasis in original).
[22] *Id.* at 555.
[23] *Id.* (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).
[24] *Id.*

challenge."[25]

In *Andrade v. Chojnacki*, the Fifth Circuit relied on *Liteky* in holding a district court judge did not abuse his discretion by denying a motion to recuse him based on several factors, including, in relevant part, his prior judicial determinations and comments during trial.[26] The Fifth Circuit explained: to prove recusal is warranted, a plaintiff must "(1) demonstrate that the alleged comment, action, or circumstance was of "extrajudicial" origin, (2) place the offending event into the context of the entire trial, and (3) do so by an 'objective' observer's standard."[27]

In its analysis of whether "intrajudicial sources" of bias required recusal, the Fifth Circuit found "the expression of 'opinions formed . . . on the basis of facts . . . or events occurring in the course of the current proceedings, or of prior proceedings,' [] are the type of opinions/expressions that *Liteky* holds nearly exempt from causing recusal."[28] The Fifth Circuit held the district court judge's actions—even the judge's "ill-tempered references" to a witness—did not "'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible,'"[29] and thus there was no basis for recusal of the district court judge.[30] More recently, in *Lewis v. Brown*, the United States District Court for the Middle District of Louisiana applied the three-factor test articulated in *Andrade* when denying a plaintiff's motion to recuse.[31]

In this case, Andry must first demonstrate the alleged comment, action, or

---

[25] *Id.*
[26] 338 F.3d 448 (5th Cir. 2003).
[27] *Id.*
[28] *Id.* at 462.
[29] *Id.* (citing *Liteky*, 510 U.S. at 555).
[30] *Id.* at 463.
[31] Civil Action No. 14-435-JWD-SCR, 2015 WL 5313556 (M.D. La. Sept. 8, 2015).

5

circumstance on which he bases his request for recusal was of extrajudicial origin, that is, it involved events taking place outside the litigation context. Although Andry does not explicitly address the reasoning of *Liteky* and *Andrade*, it appears he argues the en banc Court's October 24, 2018 order imposing discipline was based on the evidence adduced at the hearing in the Deepwater Horizon case, rather than evidence adduced at a hearing in this disciplinary action, and as a result is an extrajudicial action.[32]

The en banc Court's review of the evidence developed in the Deepwater Horizon case and its October 24, 2018 order clearly were events in the litigation context, which the Fifth Circuit has described as nearly exempt from causing recusal. Under *Liteky*, judicial opinions based on facts introduced or events occurring during the current or a prior court proceeding, do not disqualify the judge unless he or she displays "a deep-seated favoritism or antagonism that would make fair judgment impossible."[33] No argument has been or could be made that any member of the en banc Court has displayed a deep-seated favoritism or antagonism toward Andry that would make the en banc Court's fair judgment of this matter impossible. Andry has not met the first prong of the test articulated by the Fifth Circuit in *Andrade*.

Even if the first prong of *Andrade* had been met, the en banc Court's October 24, 2018 order based on its review of the record developed in the Deepwater Horizon case still would have to be placed into the context of the entire proceeding and evaluated, by an objective observer's standard, to determine whether this action might cause the partiality of the en banc Court to reasonably be questioned. Andry argues this is the case

---

[32] The en banc Court also reviewed the arguments and briefing that had been submitted by Andry in connection with the disciplinary proceedings. See R. Docs. 4 and 16.
[33] *Liteky*, 510 U.S. at 555.

6

because the en banc Court might be improperly motivated to "validate and preserve the previous decision vis-à-vis the ruling at hand."[34] In other words, Andry argues that, because the en banc Court "has unanimously predetermined Andry's ethical violations before affording him the requisite adversarial processes, the apparent risk of prejudgment bias, and partiality is too high."[35] Andry cites *Williams v. Pennsylvania* to support his argument. In *Williams*, the Supreme Court stated its "precedents set forth an objective standard that requires recusal when the likelihood of bias on the part of the judge is too high to be constitutionally tolerable."[36] In that case the Supreme Court found a serious risk of bias or prejudice because the sitting judge previously served as a prosecutor in the case.[37] The Supreme Court held in *Williams* there is an "impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case."[38] As the Supreme Court explained, "an unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case."[39]

*Williams* clearly does not apply to this case. No member of the en banc Court acted as an accuser or prosecutor in any action involving Andry. No member of the en banc Court was a litigant or represented a litigant in the Deepwater Horizon case or any other litigation involving Andry. If Andry prevails in this disciplinary proceeding, it will not reflect poorly on any judge of this Court who previously ruled against him.[40] As the

---

[34] R. Doc. 17.
[35] R. Doc. 34-1 at 5.
[36] *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1903 (2016) (internal quotations marks and citation omitted).
[37] *Id.* at 1906-1907.
[38] *Id.* at 1905.
[39] *Id.* (citing *In re Murchison*, 349 U.S. 133, 136–137 (1955)).
[40] *See Lewis*, 2015 WL 5313556 at *2.

7

district court judge said in *Lewis*, "this is not personal; the Court is merely applying the law to the facts."[41] The likelihood of bias on the part of the en banc Court is not too high to be constitutionally intolerable.

Disqualification is not required under 28 U.S.C. § 455(a). In the absence of a legitimate reason to recuse itself, the en banc Court has a duty to sit in judgment in all cases coming before it.[42] "'Neither is the statute intended to bestow veto power over judges or to be used as a judge shopping device.'"[43]

A rule disqualifying judges whenever they have previously decided a fact or legal issue before them would be an unmanageable administrative burden for the district courts and for the courts of appeal. District courts and appellate courts routinely consider and rule on factual and legal issues in cases remanded to them by higher courts. In *Liteky*, the Supreme Court noted "It has long been regarded as normal and proper for a judge to sit on the same case upon its remand, and to sit in successive trials involving the same defendant."[44] In this case, the en banc Court has not formed a conclusive opinion and has not displayed favoritism or antagonism to Andry that would make fair judgment impossible. The allotted judge will hold a hearing at which time Andry will have adequate opportunity to offer evidence. The en banc Court then will consider the entire record, including the transcript of the disciplinary hearing and any exhibits admitted into the record, before determining whether a violation occurred and, if so, the

---

[41] *See id.*
[42] *See Laird v. Tatum*, 409 U.S. 824, 837 (1972) ("a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified"); *Sensley v. Albritton*, 385 F.3d 591, 598-99 (5th Cir. 2004) (same); *McZeal, Sr. v. Southern Consumers Coop*, Civil Action No. 05-1080, 2009 WL 1324165, at *4 (W.D. La. May 7, 2009) (same).
[43] *United States v. Mix*, Criminal Action No. 12-171, 2014 WL 580758, at *4 (E.D. La. Feb. 13, 2014) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).
[44] *Liteky*, 510 U.S. at 551.

disciplinary sanction to be imposed.[45]

Alternatively, Andry requests the en banc Court refer this matter to the Louisiana Attorney Disciplinary Board and defer consideration of the complaint until state disciplinary proceedings are concluded. A disciplinary complaint was first filed against Andry in this Court, under this Court's Rules for Lawyer Disciplinary Enforcement, based entirely on conduct occurring in the Deepwater Horizon litigation pending in this Court. Andry objected to the en banc Court's imposition of summary discipline under Rule 6.5.2. The Clerk of Court has randomly allotted the action to one of the judges of the Court for the holding of a hearing under Rule 7.2. The allotted judge must now conduct the hearing in the disciplinary action under Rule 7.4 and submit an internal report to the en banc Court under Rule 7.7. The en banc Court must then determine whether a violation occurred and, if so, the disciplinary sanctions, if any, to be imposed under Rule 7.8. It would not be appropriate for the en banc Court to defer consideration of a complaint filed in this Court until later filed parallel state disciplinary proceedings are concluded. Such a result would be particularly unwise in this proceeding considering the protracted history of this matter.

## CONCLUSION

Attorney-Respondent Jonathan B. Andry's Motion to recuse and for alternative relief is **DENIED**.

New Orleans, Louisiana, this 2nd day of August, 2019.

_____
NANETTE JOLIVETTE BROWN
CHIEF JUDGE
FOR THE EN BANC COURT

---

[45] Rule 7.8, "Rules for Disciplinary Enforcement," United States District Court for the Eastern District of Louisiana (Dec. 3, 2018).