## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF　　　　　　　　　　　MISCELLANEOUS ACTION

JONATHAN B. ANDRY　　　　　　　　　　NO. 15-2478
ATTORNEY-RESPONDENT

## ORDER AND REASONS

Before the Court is a motion in limine filed by the Lawyer Disciplinary Committee (LDC) as Special Respondent for the United States District Court for the Eastern District of Louisiana in this disciplinary proceeding.[1] Attorney-Respondent Jonathan B. Andry filed an opposition to the motion in limine.[2] The LDC filed a supplemental memorandum,[3] and Andry filed a supplemental response.[4] For the reasons that follow, the LDC's motion in limine is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This case arises from the allegedly improper conduct of attorney Jonathan Andry in connection with the *Deepwater Horizon* multi-district litigation "Court Supervised Settlement Program" ("CSSP").[5] The CSSP was created to supervise the payment of economic damages claims following the Deepwater Horizon oil rig disaster in 2010.[6] In connection with that program, attorney Jonathan Andry allegedly made improper payments to attorney Lionel Sutton for referral of a client.[7] This ultimately led to Sutton's resignation from his employment with the CSSP.[8]

---

[1] R. Doc. 40.
[2] R. Doc. 41.
[3] R. Doc. 45.
[4] R. Doc. 47.
[5] *In re: Deepwater Horizon*, Case No. 10-2179.
[6] R. Doc. 1, at 2.
[7] *Id.* at 3.
[8] *In re Andry*, 921 F.3d 211, 213 (5th Cir. 2019).

1

In response to complaints about Andry's conduct, Judge Barbier, who presides over the *Deepwater Horizon* multi-district litigation, appointed Special Master Louis Freeh and The Freeh Group to investigate whether there was any misconduct within the CSSP.[9] Judge Barbier gave Special Master Freeh three mandates:

> (1) perform an independent external investigation into the facts and circumstances that led to the resignation of Lionel H. Sutton III, a former staff attorney employed by the CSSP; (2) conduct fact-finding as to any other possible ethical violations or misconduct within the CSSP; and, (3) examine and evaluate the internal compliance program and anti-corruption controls within the CSSP, and make any necessary recommendations to design and implement additional controls, policies, procedures and practices to ensure the integrity of the CSSP.[10]

In compliance with this directive, over the following two months Special Master Freeh and his investigatory team reviewed documents, conducted over eighty interviews, and took sworn testimony from several individuals, including Andry.[11]

On September 6, 2013, Special Master Freeh produced a report ("the Freeh report") detailing Andry's actions, along with the actions of other lawyers and associated law firms.[12] Special Master Freeh found Andry made improper referral payments to Sutton and had been untruthful during the investigation.[13] Accordingly, Special Master Freeh recommended the court impose sanctions and prevent Andry from further representing claimants in the CSSP.[14] Special Master Freeh also recommended his report be referred to the Department of Justice, the U.S. Attorney's Office for the Eastern District

---

[9] *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 10564.
[10] *Id.*
[11] *See In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 11287, at 18–19.
[12] *Id.* at 1–93.
[13] *Id.* at 89–94.
[14] *Id.* at 14.

of Louisiana, and the State Bar of Louisiana to determine whether Andry violated any criminal statutes or attorney disciplinary rules.[15]

The day he received Special Master Freeh's report, Judge Barbier ordered Andry, Sutton, Christine Reitano, and Glen Lerner (the "show cause parties") to show cause why they should not be disqualified from representing or collecting fees from CSSP claimants under the unclean hands doctrine.[16] Judge Barbier's show cause order stated:

> IT IS FURTHER ORDERED that Lionel Sutton, Christine Reitano, Jon Andry, Glen Lerner, and any associated law firms, show cause why the Court should not adopt the following findings and recommendations of the Special Master: (a) Disallowing The Andry Law Firm's claim under the Unclean Hands Doctrine; (b) Disqualifying Attorneys Lionel Sutton, Christine Reitano, Glen Lerner, and Jon Andry, as well as any associated law firms, from representing CSSP claimants (or collecting fees from such claimants) under the Unclean Hands Doctrine.[17]

Andry represents he was prohibited from conducting discovery regarding any violation of the Rules of Professional Conduct prior to the hearing.[18] During the discovery phase prior to the hearing, the show cause parties requested, and were granted, multiple delays to resolve discovery disputes.[19] The show cause parties also were given an opportunity to respond in writing prior to the hearing.[20] The evidentiary hearing was held on November 7, 2014, ("the show cause hearing").[21] At the conclusion of the hearing,

---

[15] *Id.* at 90–91.
[16] *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 11288.
[17] *Id.* at 3.
[18] *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 11729, at 5 (Shushan, M.J.) (ruling on the parties' discovery motions regarding the show cause hearing and ordering, in response to Andry's motion for discovery from Special Master Freeh and Sutton's motion for discovery regarding Special Master Freeh's referral to the U.S. Attorney and the Louisiana State Bar Association, "[d]iscovery will be limited to the Disallowance and Disqualification recommendation.").
[19] *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 14221, at 2.
[20] *Id.* at 6–7.
[21] *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 13675.

Judge Barbier disqualified Andry from participating in the CSSP or collecting fees.[22] Andry appealed these sanctions, and the Fifth Circuit affirmed Judge Barbier's decision.[23]

On April 10, 2015, per Judge Barbier's direction,[24] Special Master Freeh filed a disciplinary complaint against Andry in the Eastern District of Louisiana.[25] The complaint alleges Andry violated Rule 1.5(e) of the Louisiana Rules of Professional Conduct by improperly dividing fees between lawyers who are not in the same firm; violated Rule 3.3 by making false statements during the course of the Special Master's investigation; violated Rule 8.4(c) by engaging in conduct involving dishonesty, deceit, and misrepresentation; violated Rule 8.4(a) by assisting others in violating the Rules of Professional Conduct; and violated Rule 8.4(d) by engaging in conduct that caused damage to the integrity of the CSSP and was prejudicial to the administration of justice.[26] Andry filed a response to the complaint on July 8, 2015,[27] and a supplemental response on August 16, 2018.[28]

On October 24, 2018, this Court, sitting en banc, ruled on Special Master Freeh's complaint and ordered that Andry be suspended from the practice of law before the United States District Court for the Eastern District of Louisiana for a period of twelve months, effective immediately.[29] On November 7, 2018, Andry filed an objection to the disciplinary order and requested the matter be docketed for a hearing pursuant to the Eastern District of Louisiana Rules for Lawyer Disciplinary Enforcement ("EDLA

---

[22] *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 14221, at 5–6.
[23] *See In re Deepwater Horizon*, 824 F.3d 571, 587 (5th Cir. 2016).
[24] *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 14221, at 6.
[25] R. Doc. 1.
[26] *Id.* at 3.
[27] R. Doc. 4.
[28] R. Doc. 16.
[29] R. Doc. 17.

Rules").[30] On November 29, 2018, the en banc Court overruled Andry's objection finding that, in view of the investigation, hearing, findings, and appeal of the issues presented, another hearing was not necessary.[31]

Andry appealed this order.[32] The Fifth Circuit determined Andry had the right to a hearing pursuant to the EDLA Rules, vacated the decision of the en banc Court denying Andry a hearing, and remanded the matter for further proceedings.[33] In light of the Fifth Circuit's ruling, the Chief Judge of the Court ordered that a hearing be conducted on Andry's complaint pursuant to EDLA Rule 7 and that the Clerk of Court randomly allot this matter to one of the district judges to conduct a hearing and all other necessary proceedings in this disciplinary action.[34] The Court must now conduct a hearing in this disciplinary action under EDLA Rule 7.4 and submit an internal report to the en banc Court under EDLA Rule 7.7.

The LDC, which is tasked with prosecuting Andry's alleged ethical violations, filed the instant motion in limine to request the Court give preclusive effect to the findings of Judge Barbier, preadmit certain evidence at the hearing, and prohibit Andry from testifying at the hearing. Andry objects to the LDC's requests.

## **LEGAL STANDARD**

A lawyer disciplinary hearing is an adversarial proceeding of a quasi-criminal nature.[35] In disciplinary hearings, attorneys are entitled to "fair notice of the charge and an opportunity to be heard."[36] The Court acts as a trier of fact to determine whether the

---

[30] R. Doc. 18.
[31] R. Doc. 21.
[32] R. Doc. 22.
[33] R. Doc. 28.
[34] R. Doc. 29.
[35] *In re Ruffalo,* 390 U.S. 544, 550 (1968).
[36] *Id.*

alleged misconduct has been proven by clear and convincing evidence.[37] Clear and convincing evidence does not necessarily mean direct evidence, which will rarely exist in cases such as this.[38] The LDC bears the burden of proof.[39] The district court must "observe scrupulously its own rules of disciplinary procedure."[40]

## LAW AND ANALYSIS

### I. Impact of Judge Barbier's Findings

The LDC argues Judge Barbier's findings on the rule to show cause[41] should be given a binding and preclusive effect in the current disciplinary proceeding.[42] In support of this argument, the LDC relies on precedent holding that courts may not relitigate a lawyer's underlying criminal conviction when that conviction forms the basis for a disciplinary action. Andry argues Judge Barbier's findings are not preclusive because the previous proceeding concerned only whether the court should impose sanctions on Andry in the *Deepwater Horizon* matter under the unclean hands doctrine, and the previous proceeding did not concern—and allegedly proscribed any decision on—whether Andry is subject to discipline in this Court because he violated the Louisiana Rules of Professional Conduct.[43]

---

[37] EDLA Rule 3.
[38] *See, e.g., Chapman Law Firm, LPA v. United States,* 113 Fed. Cl. 555, 598 (Fed. Cl. Ct. 2013).
[39] *Matter of Thalheim*, 853 F.2d 383, 389 (5th Cir. 1988) ("[I]t has become well settled that the charging party has the burden of proving that the charged attorney is no longer worthy of his office.").
[40] *In re Andry*, 921 F.3d 211, 214 (5th Cir. 2019); *see also* Louisiana Rules for Lawyer Disciplinary Enforcement, Louisiana Supreme Court, Rule XIX, Section 18B.
[41] *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 14221, at 9–10; *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 13675, at 259–61.
[42] R. Doc. 40-1, at 4.
[43] R. Doc. 41, at 17–18.

### A. Judge Barbier's findings are not binding and preclusive in this proceeding

The LDC urges the Court to adopt Judge Barbier's findings of fact as preclusive on the issue of whether Andry violated the Louisiana Rules of Professional Conduct. The LDC, as the "party asserting issue preclusion bears the burden of proof."[44] The LDC's only support for its argument is that courts often have refused to allow parties to relitigate a lawyer's underlying criminal conviction when the criminal conviction itself later forms the basis for a disciplinary proceeding.[45] The Court agrees with the LDC that "[i]n an attorney disciplinary proceeding based on the lawyer's criminal conviction, the issue of his guilt may not be relitigated."[46] "[D]ue process does not require a second opportunity for the lawyer to refute the criminal charges."[47] "Because the lawyer's conviction, whether based on adjudication or guilty plea, is tantamount to a finding of his guilt beyond a reasonable doubt, the clear-and-convincing standard of proof that applies to disciplinary proceedings has already been satisfied."[48] This case, however, does not involve an underlying criminal conviction. Andry was not charged with or convicted of a crime. The narrow exception established in disciplinary proceedings based on an underlying criminal conviction does not apply in this case.

The LDC argues Judge Barbier made his findings on Andry using the "clear and convincing" standard applicable to this disciplinary proceeding, but Judge Barbier did not explicitly state he did so. Instead, he simply stated on the record at the conclusion of the show cause hearing and in his written order he "found" Andry violated various ethical

---

[44] *Matter of King*, 103 F.3d 17, 19 (5th Cir. 1997).
[45] *See, e.g.*, *Louisiana State Bar Ass'n v. Wilkinson,* 562 So. 2d 902, 903 (La. 1990).
[46] *Id.*
[47] *Id.*
[48] *Id.*

rules.⁴⁹ Because of due process concerns, the Court cannot assume the standard of proof applied was "clear and convincing." More importantly, Judge Barbier's rule to show cause did not order Andry to show cause why it should not be found that he violated the Louisiana Rules of Professional Conduct.⁵⁰ Nor was it necessary for Judge Barbier to find Andry had violated those rules to impose discipline upon him in the *Deepwater Horizon* proceeding.⁵¹ To disqualify Andry from representing or collecting fees from CSSP claimants under his inherent authority to discipline lawyers appearing before him, Judge Barbier had to find only that Andry engaged in "bad faith conduct."⁵² A finding of bad faith conduct is not necessarily a finding that the Rules of Professional Conduct have been violated.

The LDC has not met its burden of establishing issue preclusion applies in this case. "It, of course, is well settled law that a fact decided in an earlier suit is conclusively established between their parties and their privies, provided it was necessary to the result in the first suit."⁵³ "[T]he doctrine of collateral estoppel has three requirements: (1) the prior federal decision resulted in a judgment on the merits; (2) the same fact issue must have been *actually litigated in the federal court;* and (3) the disposition of that issue

---

⁴⁹ *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 13675, at 259–61; *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 14221, at 5. With respect to Ms. Christine Reitano, Judge Barbier did state "the Court finds that there is not clear and convincing evidence to support unethical conduct." *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 14221, at 5. This does not make it unequivocally clear he applied the same standard to John Andry.
⁵⁰ *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 11288, at 3.
⁵¹ In fact, Judge Barbier ordered the Special Master to "file a report or complaint to the Chief Judge of the Eastern District of Louisiana and the court's disciplinary committee." *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 14221, at 6.
⁵² *In re Sealed Appellant*, 194 F.3d 666, 671 (5th Cir. 1999) ("Courts have long recognized an inherent authority to disbar attorneys. When acting under an inherent power to disbar an attorney, a district court must make a specific finding that an attorney's conduct 'constituted or was tantamount to bad faith.'" (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)).
⁵³ *Hyman v. Regenstein*, 258 F.2d 502, 510 (5th Cir. 1958).

must have been necessary to the outcome of the prior federal litigation."[54] Collateral estoppel, or issue preclusion, does not apply in this case. The sanctions proceedings in the *Deepwater Horizon* matter did not involve the same parties or privies as are before this Court, and the LDC has not established that Andry's alleged violations of the Louisiana Rules of Professional conduct was "actually litigated" before Judge Barbier.

As a result, the Court finds the LDC has not met its burden of showing preclusion applies. Judge Barbier's prior findings do not have a binding and preclusive effect in the instant disciplinary proceeding.

### B. The Court is not allowed to take judicial notice of Judge Barbier's findings[55]

In effect, the LDC urges the Court to take judicial notice of Judge Barbier's findings as finally established facts. Rule 201 of the Federal Rules of Evidence provides a court may take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute" in that it is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned."[56] Generally known facts are "self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities."[57] Facts "capable of accurate and ready determination" are facts that may simply be "looked up" and determined in "accessible sources of indisputable accuracy."[58]

---

[54] *Am. Home Assur. Co. v. Chevron, USA, Inc.*, 400 F.3d 265, 272 (5th Cir. 2005) (quoting *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 213 (5th Cir. 2004)).
[55] The transcript of the show cause hearing and Judge Barbier's written order are admitted without objection in this proceeding for the purpose of establishing that the underlying litigation occurred. They are not admitted, however, to establish the facts found therein.
[56] *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998).
[57] *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 347 (5th Cir. 1982).
[58] *Weaver v. United States*, 298 F.2d 496, 498 (5th Cir. 1962).

The Fifth Circuit has made clear Federal Rule of Evidence 201 "authorizes the court to take notice only of 'adjudicative *facts*,' not legal determinations."[59] Similarly, under Federal Rule of Evidence 201, a court may not take judicial notice of determinations of mixed questions of law and fact.[60] A court may take judicial notice of a "document filed in another court . . . to establish the fact of such litigation and related filings," but a court generally may not take judicial notice of the factual findings of another court.[61] The Fifth Circuit has left open the possibility, though, that a court may be permitted to do so on *rare* occasion, subject to Rule 201's indisputability requirement."[62] That exception does not apply if facts are in dispute because a fact is "not beyond reasonable dispute" if it is "disputed by the parties."[63]

In this case, the Court cannot take judicial notice, under Rule 201, of Judge Barbier's findings on the rule to show cause in the *Deepwater Horizon* matter. First, those findings are not adjudicative facts—they are determinations on mixed questions of law and fact as to whether Andry's conduct violated certain ethical rules. Second, the findings are not indisputable, as evidenced by Andry's disagreement with them.

## II. Relevant Portions of the Freeh Report and the Supporting Documents, Other Than Special Master's Exhibit 3, Are Admissible

The LDC seeks to preadmit the Freeh Report and the following sixteen exhibits, some of which were referenced in the Freeh Report or attached as exhibits thereto, and all of which were introduced into evidence at the show cause hearing:

---

[59] *Taylor*, 162 F.3d at 831.
[60] *Id.*
[61] *Id.* ("[A] court cannot take judicial notice of another court's legal determination that a party constituted a state actor for the purposes of § 1983: That determination is neither an adjudicative fact within the meaning of Rule 201 nor beyond "reasonable dispute.").
[62] *Id.* at 830 (emphasis in original).
[63] *Doe v. Mckesson*, 945 F.3d 818 (5th Cir. 2019) ("[T]he state-actor determination was not beyond reasonable dispute where it "was, in fact, disputed by the parties" in the related case.").

- Special Master's Exhibit 1 – Chart identifying significant events between March 5 to March 12, 2013;

- Special Master's Exhibit 2 – Chart identifying significant events between March 15 to March 16, 2013;

- Special Master's Exhibit 3 – Special Master's Report with thumb drive containing footnotes to the Special Master's Report;

- Special Master's Exhibit 8 – May 8, 2012 letter to Christine Reitano from Andry Lerner, LLC regarding attorney referral agreement;

- Special Master's Exhibit 10 – October 19, 2012 settlement accounting from Andry Lerner, LLC regarding Casey Thonn;

- Special Master's Exhibit 23 – March 7, 2013 email from Rebecca Foreman to Jennifer Goodwin regards claims of Witco Supply, Talen Marine, Andry Law Firm, Premium Catering, and Dod L. Equipment;

- Lerner Exhibit 2 – Lionel Sutton CAO data-base access log;

- Lerner Exhibit 5 – Update on review of Code of Conduct and claims processing issues;

- Lerner Exhibit 7 – Declaration of Patrick Juneau;

- Lerner Exhibit 8 – Declaration of Jeffrey Cahill;

- Lerner Exhibit 13 – Affidavit of James Bagwell;

- Lerner Exhibit 14 – Summary of Sutton access of CAO data-base for each claimant;

- Lerner Exhibit 15 – Claims for Andry clients for whom Sutton accessed the CAO data-base at least once;

- Andry Exhibit 1 – Text/email of September 17, 2012 between Christine Reitano and Matt Lundy regarding expedited claims;

- Andry Exhibit 2 – Email of June 4, 2013 between Catherine Torres and Lionel Sutton regarding Sher Garner claim;

- Andry Law Firm Exhibit 8 – Emails between Lionel Sutton, III and Glen Lerner.[64]

---

[64] R. Doc. 40-1, at 7; R. Doc. 45, at 4–5.

The LDC also seeks to preadmit:

- Pages 1, 409, 18–147, 153–187, 200–215, 224–232, and 234–264 of the transcript of the November 7, 2014, show cause hearing before Judge Barbier, *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 13675;

- Judge Barbier's February 26, 2015 written order, *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 14221; and

- The Fifth Circuit's decision in *In Re: Deepwater Horizon*, 824 F. 3d 571 (5th 2016).[65]

Andry argues the Freeh report and the exhibits are inadmissible because they are hearsay and do not qualify for the residual exception set forth in Rule 807.[66] Andry does not object to the admission of the show cause hearing transcript, Judge Barbier's February 26, 2015, written order, and the Fifth Circuit's opinion, 824 F. 3d 571.[67]

The Federal Rules of Evidence are not strictly applied in disciplinary proceedings in the Eastern District of Louisiana.[68] The proceeding is quasi-criminal, but not criminal in nature, and "the due process rights of an attorney in a disciplinary proceeding do not extend so far as to guarantee the full panoply of rights afforded to an accused in a criminal case."[69] The rules of evidence are not strictly applied in disciplinary proceedings because disciplinary proceedings are conducted by a trial court judge, as opposed to a lay jury. The Fifth Circuit has stated, "[T]he principal justification for allowing relaxed evidentiary rules in disbarment proceedings" is that "[u]nlike a lay jury, th[e] court, in its role as trier of fact in disciplinary cases, has the ability to consider the entire record and evaluate and

---

[65] R. Doc. 45, at 3, 5.
[66] R. Doc. 41, at 16–17.
[67] *See* R. Doc. 41.
[68] *In re Stamps*, 173 F. App'x 316, 318 (5th Cir. 2006) (declining to strictly apply the Rules of evidence to disciplinary proceedings).
[69] *Sealed Appellant 1 v. Sealed Appellee 1*, 211 F.3d 252, 254 (5th Cir. 2000) (quoting *In re Sealed Appellant*, 132 F.3d 1455 (5th Cir. 1997)).

weigh the probative value of evidence based on the totality of the circumstances."[70] For that same reason, the Louisiana Supreme Court has held that "[a]lthough disciplinary proceedings are subject to the provisions of the Code of Evidence, the code is not strictly applied because the court is the trier of fact in disciplinary cases."[71] "The purpose of rules of evidence primarily intended to govern jury trials, particularly the hearsay rules, are less compelling in the context of imposing discipline on members of the legal profession."[72]

The Court need not determine whether the Freeh report and the exhibits the LDC seeks to admit strictly comply with the hearsay rules set forth in the Federal Rules of Evidence. Instead, the Court may apply a broader standard because it is "qualified to consider any and all evidence before it in a disbarment proceeding and to ascribe the appropriate weight to that evidence."[73] Accordingly, the Court will exercise its discretion to admit the Freeh report and the exhibits, other than "Special Master's Exhibit 3," into evidence at the disciplinary hearing. The Court will consider the entire record and weigh the probative value of the evidence based on the totality of the circumstances.

Special Master's Exhibit 3 consists of thousands of documents Special Master Freeh relied on in creating his report.[74] The LDC has specified 2,730 pages from Special

---

[70] *In re Stamps*, 173 F. App'x at 318 (quoting *In re Stamps,* 874 So.2d 113, 123 (La. 2004)). Similarly, the Fifth Circuit has stated that "Rule 403's weighing of probative value against prejudice . . . has no logical application to bench trials. Excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of 'unfair prejudice' is a useless procedure." *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981).
[71] *In re Mitchell*, 2013-2688 (La. 5/7/14), 145 So. 3d 305, 313; *see also* Louisiana Rules for Lawyer Disciplinary Enforcement, Louisiana Supreme Court, Rule XIX, Section 18B ("The Louisiana Code of Evidence shall guide, but not restrict the development of a full evidentiary record."); *In re Quaid*, 94-1316 (La. 11/30/94), 646 So. 2d 343, 348 ("[T]he purpose of rules of evidence primarily intended to govern jury trials, particularly the hearsay rules, are less compelling in the context of imposing discipline on members of the legal profession. This Court retains power to determine the ultimate question of admissibility under its original jurisdiction as the triers of fact in disciplinary proceedings, and it may well be more appropriate in disciplinary proceedings to be guided but not confined by strict application of the Code of Evidence.").
[72] *In re Quaid*, 94-1316 (La. 11/30/94), 646 So. 2d at 348 n.2.
[73] *In re Stamps*, 173 F. App'x at 318.
[74] *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 11287.

Master's Exhibit 3 it wishes to preadmit into evidence at the disciplinary hearing.[75] The pages the LDC identifies are Bates stamped "JA," but the Court is unaware of what these documents are, who produced them, and whether they relate to Andry in a way that is relevant to the disciplinary hearing. The Court does not intend to review 2,730 pages searching for information relevant to this matter. Accordingly, the Court will defer ruling on whether any portion of Special Master's Exhibit 3 is admissible at the hearing. The parties may move to admit portions of that exhibit on a document by document basis.

Although the Rules of Evidence are not strictly applied in disciplinary proceedings, the Court finds the Freeh Report and the exhibits, other than Special Master's Exhibit 3, are admissible under Federal Rule of Evidence 807. Under the Rules of Evidence, hearsay is generally inadmissible as competent evidence at trial.[76] However, the Federal Rules of Evidence recognize several exceptions to this general rule.[77] Rule 807 provides a residual exception to the hearsay rules. Under Rule 807, "a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception" if four circumstances are met:

> (1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice.[78]

---

[75] R. Doc. 45, at 4.
[76] FED. R. EVID. 802.
[77] *See, e.g.*, FED. R. EVID. 803 (stating exemptions that are available regardless of a declarant's availability to testify at trial); FED. R. EVID. 804 (stating exceptions that are available only when a declarant is unavailable to testify at trial).
[78] FED. R. EVID. 807(a).

14

The Fifth Circuit has counseled "[t]he [807] exception is to be 'used only rarely, in truly exceptional cases.'"[79] "[T]he proponent of the statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force."[80] "[I]n order to find a statement trustworthy, a court must find that the declarant of the . . . statement was particularly likely to be telling the truth when the statement was made."[81] "The determination of trustworthiness is drawn from the totality of the circumstances surrounding the making of the statement, but [it] cannot stem from other corroborating evidence."[82] The evidence "must be at least as reliable as evidence admitted under a firmly rooted hearsay exception . . . [and] must similarly be so trustworthy that adversarial testing would add little to its reliability."[83]

The Court finds this is an exceptional case in which the residual hearsay rule does apply to the Freeh report and the exhibits, other than Special Master's Exhibit 3. All four elements of Rule 807 are met. First, with respect to the Freeh report, the LDC is offering the report to prove material facts, such as Andry's communications about the referral fees and his untruthfulness during the investigation. Second, the report "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts," particularly as it would be impossible to recreate Andry's alleged false statements made to the Freeh investigators. Likewise, it would not be reasonable or practicable for the LDC or the Court to redo the dozens of interviews and significant investigative work Special Master Freeh has already completed. Third,

---

[79] *United States v. Phillips,* 219 F.3d 404, 419 n.23 (5th Cir. 2000) (quoting *United States v. Thevis,* 665 F.2d 616, 629 (5th Cir. 1982)).
[80] *Id.*
[81] *Id.*
[82] *United States v. El-Mezain*, 664 F.3d 467, 498 (5th Cir. 2011).
[83] *Id.*

"admitting [the report] will best serve the purposes of these rules and the interests of justice." Fourth, the report has "equivalent circumstantial guarantees of trustworthiness" to satisfy Rule 807 as it was prepared by a neutral, court-appointed Special Master conducting fact finding.

Second, the supporting exhibits, other than "Special Master's Exhibit 3," also are admissible under Rule 807. First, the exhibits are being offered to prove material facts such as Andry's communications regarding the referral fees and his knowledge of the payment of those fees. Second, they are "more probative on the point for which [they are] offered than any other evidence that the proponent can obtain through reasonable efforts." Again, it is not reasonable or practicable for the Court to redo Special Master Freeh's work. Third, their admittance "will best serve the purposes of these rules and the interests of justice." Fourth, these exhibits were admitted into evidence, and relied upon in the show cause hearing, without the objection of Andry.[84] In fact, several of the exhibits were offered into evidence by Andry.[85]

The exhibits were admitted into evidence, either upon that court's ruling or without objection at the show cause hearing. The exhibits were introduced at the show cause hearing as follows:

- Special Master's Exhibit 1 is a summary of significant events from March 5 to March 12, 2013 offered by the Special Master. The exhibit was discussed with a witness who verified some events[86] and was admitted into evidence over an objection by counsel for the Andry Law Firm and Glen Lerner;[87]

- Special Master's Exhibit 2 is a summary of significant events from March 15 to March 16, 2013, offered by the Special Master. The exhibit was discussed with

---

[84] Some of the exhibits were objected to by counsel for Glen Lerner and the Andry Law Firm, who said they were objecting on behalf of all show cause parties, but counsel for Andry did not argue and those objections were overruled. *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 13675, at 201–04.
[85] *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 13675, at 209.
[86] *Id.*, at 33.
[87] *Id.* at 201–04.

Sutton, one of the people who made the communications,[88] and admitted into evidence over an objection by counsel for the Andry Law Firm and Glen Lerner;[89]

- Special Master's Exhibit 8, a May 8, 2012, letter to Christine Reitano from Andry Lerner, LLC regarding the attorney referral agreement, was offered by the Special Master. The letter was identified by its author and qualifies as a business record.[90] The exhibit was admitted without objection;[91]

- Special Master's Exhibit 10, an October 19, 2012, settlement accounting form, was offered by the Special Master. The form was identified by the person who prepared it and qualifies as a business record.[92] The exhibit was admitted without objection;[93]

- Special Master's Exhibit 23, a March 7, 2013 email, was offered by the Special Master. The email was discussed by Sutton[94] and admitted without objection;[95]

- Lerner Exhibit 2, Lionel Sutton's CAO data-base access log, was offered by Lerner, discussed with and verified by Sutton,[96] and admitted without objection;[97]

- Lerner Exhibits 5, 7, 8, 13, 14, and 15 were offered by Lerner and admitted without objection;[98]

- Andry Exhibits 1 and 2 were offered by Andry and admitted without objection;[99]

- Andry Law Firm Exhibit 8 was offered by the Andry Law Firm and admitted without objection.[100]

The record in *Deepwater Horizon* confirms these exhibits were admitted.[101] Most of the exhibits were admitted without objection by any show cause parties; significantly, Andry

---

[88] *Id.* at 161–68.
[89] *Id.* at 201–04.
[90] *Id.* at 61–62.
[91] *Id.* at 201–04.
[92] *Id.* at 183.
[93] *Id.* at 201–04.
[94] *Id.* at 161.
[95] *Id.* at 201–04, 239.
[96] *Id.* at 119.
[97] *Id.* at 206–09.
[98] *Id.*
[99] *Id.* at 209.
[100] *Id.* at 213–14.
[101] *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 13689.

did not object to any of the exhibits. The exhibits have sufficient guarantees of trustworthiness to be admitted under Rule 807 in this proceeding.

### III. Andry May Present Evidence on His Behalf During This Proceeding

The right to due process attaches to disciplinary hearings.[102] Due process is "a flexible concept, and calls for such procedural protections as the particular situation demands."[103] In attorney disciplinary hearings, due process includes the right to testify on one's own behalf and the right to present a defense.[104]

In the *Deepwater Horizon* matter, Andry had the opportunity to testify and present evidence at a show cause hearing to determine whether he should be disqualified from participating in or collecting fees from the *Deepwater Horizon* CSSP. That did not satisfy his right to due process in this disciplinary proceeding. Andry has the right to present evidence and testify during this proceeding in accordance with the due process the Court must and will afford him. The Court reserves its inherent power to place reasonable limits on the presentation of evidence during the hearing.

### **CONCLUSION**

**IT IS ORDERED** for the foregoing reasons that the LDC's motion in limine is **GRANTED IN PART**. The Freeh report and the following exhibits will be preadmitted in the hearing in this matter:

- Special Master's Exhibit 1 – Chart identifying significant events between March 5 to March 12, 2013;[105]

---

[102] *In re Grodner*, 587 F. App'x 166, 169 (5th Cir. 2014) (citing *In re Ruffalo*, 390 U.S. 544, 550 (1968)); *In re Sealed Appellant*, 194 F.3d 666, 670 (5th Cir. 1999).
[103] *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).
[104] *In re Grodner*, 587 F. App'x at 169 (citing *In re Ruffalo*, 390 U.S. at 550; *In re Sealed Appellant*, 194 F.3d at 670.
[105] This ruling is contingent on Andry having been provided access to the documents on which the summary is based. FED. R. EVID. 1006. If this has not already occurred, Andry should notify the Court.

- Special Master's Exhibit 2 – Chart identifying significant events between March 15 to March 16, 2013;[106]

- Special Master's Exhibit 8 – May 8, 2012 letter to Christine Reitano from Andry Lerner, LLC regarding attorney referral agreement;

- Special Master's Exhibit 10 – October 19, 2012 settlement accounting from Andry Lerner, LLC regarding Casey Thonn;

- Special Master's Exhibit 23 – March 7, 2013 email from Rebecca Foreman to Jennifer Goodwin regards claims of Witco Supply, Talen Marine, Andry Law Firm, Premium Catering, and Dod L. Equipment;

- Lerner Exhibit 2 – Lionel Sutton CAO data-base access log;

- Lerner Exhibit 5 – Update on review of Code of Conduct and claims processing issues;

- Lerner Exhibit 7 – Declaration of Patrick Juneau;

- Lerner Exhibit 8 – Declaration of Jeffrey Cahill;

- Lerner Exhibit 13 – Affidavit of James Bagwell;

- Lerner Exhibit 14 – Summary of Sutton access of CAO data-base for each claimant;

- Lerner Exhibit 15 – Claims for Andry clients for whom Sutton accessed the CAO data-base at least once;

- Andry Exhibit 1 – Text/email of September 17, 2012 between Christine Reitano and Matt Lundy regarding expedited claims;

- Andry Exhibit 2 – Email of June 4, 2013 between Catherine Torres and Lionel Sutton regarding Sher Garner claim;

- Andry Law Firm Exhibit 8 – Emails between Lionel Sutton, III and Glen Lerner;

- Pages 1, 409, 18–147, 153–187, 200–215, 224–232, and 234–264 of the transcript of the November 7, 2014, show cause hearing before Judge Barbier, *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 13675;

- Judge Barbier's February 26, 2015 written order, *In re: Deepwater Horizon*, Case No. 10-2179, R. Doc. 14221; and

---

[106] This ruling is contingent on Andry having been provided access to the documents on which the summary is based. Fed. R. Evid. 1006. If this has not already occurred, Andry should notify the Court.

19

- The Fifth Circuit's decision in *In Re: Deepwater Horizon*, 824 F. 3d 571 (5th 2016).

The Court will defer ruling on whether any part of Special Master's Exhibit 3 is admissible and will allow the parties to move at the hearing to admit portions of that exhibit on a document by document basis.

**IT IS FURTHER ORDERED** for the foregoing reasons that the LDC's motion in limine is **DENIED IN PART**. Judge Barbier's prior findings are not binding in this proceeding. Andry will be allowed to present evidence and testimony at his disciplinary hearing.

**New Orleans, Louisiana, this 23rd day of January, 2020.**

                                                                     **SUSIE MORGAN**
                                   **UNITED STATES DISTRICT JUDGE**